**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRANCISCO GONZALES-LIRANZA,

Plaintiff-Appellant,

v.

SERGEANT JOHNNY NARANJO,

Defendant-Appellee.

No. 02-2110
(D.C. No. CIV-98-997 JP/WWD)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**TYMKOVICH** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Francisco Gonzales-Liranza appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust available administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, *see Yousef v. Reno*, 254 F.3d 1214, 1218-19 (10th Cir. 2001), and we affirm.

Plaintiff, a New Mexico prisoner in the custody of the Bernalillo County Detention Center (BCDC) at the time of the incident in question, filed a pro se § 1983 complaint in August 1998 against defendant Sergeant Johnny Naranjo, a correctional officer at BCDC.[1] Plaintiff alleged that, in August 1996, while he was a pre-trial detainee at BCDC, plaintiff told Sgt. Naranjo he was having problems with certain inmates and feared for his safety. He alleged that Sgt. Naranjo failed to take prompt measures to ensure his safety and, one hour later, he was severely beaten by these same inmates, resulting in serious and permanent injuries.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), prisoners bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or

---

[1] Plaintiff named other defendants in his complaint, but they were *sua sponte* dismissed by the district court, and plaintiff has not challenged their dismissal.

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective." (quotation omitted)).

Plaintiff acknowledged in his complaint that he had not exhausted administrative remedies. In response to a question on the complaint form asking whether he had sought informal or formal relief from the appropriate administrative officials regarding the acts complained of, plaintiff checked the box marked "No." R. Doc. 1, at 4. He also marked "No" in response to a question asking whether he had exhausted available administrative remedies. *Id.* at 5. Plaintiff stated in his complaint, however, that, "[t]here are no administrative remedies that Plaintiff is aware of . . . [and] [p]laintiff was [not] advised that he could file anything administratively for the inactions that occurred." *Id.*

Sergeant Naranjo filed a motion for summary judgment in March 1999, seeking a dismissal of the complaint based on plaintiff's failure to exhaust administrative remedies. In his motion, Sgt. Naranjo presented evidence that BCDC had a grievance procedure and policy in effect at the time of the events in

question. He attached a copy of the prison's grievance policy and an affidavit from a BCDC prison official stating that the prison records indicated plaintiff had not filed any form of grievance regarding the incident in question.

Before ruling on the exhaustion issue, however, the district court requested defendant file a *Martinez* report to investigate the incidents forming the basis of plaintiff's complaint. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (holding that report may be necessary to determine certain preliminary issues). After Sgt. Naranjo filed a *Martinez* report, the district court dismissed the complaint, ruling on the merits that the alleged conduct of Sgt. Naranjo did not rise to the level of a constitutional violation. This court reversed that dismissal on appeal, however, ruling that plaintiff had been denied a proper opportunity to respond to Sgt. Naranjo's motion for summary judgment and the *Martinez* report. *Gonzalez-Liranza v. Naranjo*, No. 99-2302, 2000 WL 488476 (10th Cir. Apr. 26, 2000) (unpublished disposition).

On remand, Sgt. Naranjo filed a motion to dismiss for failure to exhaust the available prison administrative remedies. In response, plaintiff, now represented by counsel, reasserted his allegation in the complaint that he was unable to avail himself of the prison grievance procedures because he was never advised by BCDC that there were any such procedures. Plaintiff did not dispute that the prison had a grievance policy, but he attached his affidavit stating that when he

was taken to BCDC, he was never informed that the prison had a grievance process nor was he given any written materials informing him of his right to file a complaint or initiate a grievance procedure. He also stated in his affidavit that he informed a prison guard shortly after the incident in question that he wished to file a complaint, and this official took notes and said he would investigate the matter, but did not tell plaintiff he had to fill out a complaint form.

After a request by the court for supplemental briefing, Sgt. Naranjo presented evidence that BCDC provides an inmate handbook, written in both English and Spanish, to all newly admitted inmates during an admission orientation, that the prison's grievance procedures are included in the handbook and that the contents of the handbook are explained to all inmates during the orientation. Sergeant Naranjo also presented evidence that plaintiff had been housed in BCDC on seven different occasions and would have received a copy of the inmate handbook each time.

The district court ruled that plaintiff did not exhaust his administrative remedies as required by § 1997e(a), but because there was a factual dispute as to whether plaintiff was aware of the available grievance procedures, it dismissed the complaint without prejudice and ordered BCDC to provide plaintiff with a copy of its grievance procedures.

On appeal, plaintiff contends the district court erred in dismissing the complaint because there was a factual dispute whether the prison had informed him of its grievance procedures. "We review de novo a dismissal for failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The district court correctly dismissed plaintiff's complaint for failure to exhaust BCDC's grievance procedure. The district court did not resolve any factual dispute between the parties, and, as a matter of law, any factual dispute between the parties as to whether or not plaintiff was ever advised or informed of the prison's grievance procedures was not relevant. This court has previously rejected a prisoner's assertion that the government should have advised him of the need to follow prison administrative procedures. *Yousef*, 254 F.3d at 1221 (rejecting argument as lacking any authority). "The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). As the Supreme Court has broadly stated: "[W]e stress the point . . . that we will not read futility *or other exceptions* into [PLRA's] statutory exhaustion requirement[ ]." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001) (emphasis supplied).

"Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). "Congress intended to save courts from spending countless hours, educating themselves in every case, as to the vagaries of prison administrative processes, state or federal" and "did not intend for courts to expend scarce judicial resources examining how and by whom a prison's grievance procedure was implemented." *Concepcion v. Morton*, 306 F.3d 1347, 1354 (3d Cir. 2002) (quotation omitted).

It is undisputed that BCDC had a written grievance procedure and it is undisputed that plaintiff did not exhaust that procedure. Plaintiff does not allege that BCDC did anything to frustrate or prevent him from utilizing those procedures. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding district court erred in failing to consider prisoner's claim that he was unable to file a grievance, and therefore lacked available administrative remedies, because prison officials refused to provide him with the necessary grievance forms). Plaintiff's claim that he told a prison guard he wished to file a complaint and was not told about the administrative remedies is unavailing. Giving notice of his

claims by means other than the prison's available grievance process does not satisfy PLRA's exhaustion requirement. *See Jernigan*, 304 F.3d at 1032.

Thus, even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement. Accordingly, the judgment of the district court is AFFIRMED.

           Entered for the Court


           Timothy M. Tymkovich
           Circuit Judge