**Brian L. TORRES, Plaintiff,**

v.

**CORRECTIONS CORPORATION OF AMERICA, and Steven Holliman, Defendants.**

No. 05–CV–0026–CVE–PJC.

United States District Court, N.D. Oklahoma.

April 18, 2005.

does not address plaintiff's claims against co-defendant Steve Holliman ("Holliman"), the Court will consider dismissal of those claims as well.[1]

Plaintiff, in his response, admits his failure to plead exhaustion properly in his complaint, and requests permission to amend his complaint to comply with the PLRA. Defendant CCA counters that the amendment proposed by Plaintiff would be futile, and should therefore be disallowed by the Court.

Edward Glen Lindsey, Lindsey Law Firm, Tulsa, OK, for Brian L Torres, Plaintiff.

Daniel S Sullivan, Best & Sharp, John Spencer Bryan, Best & Sharp, Thomas Adrian LeBlanc, Best & Sharp, Tulsa, OK, for Corrections Corporation of America a Maryland Corporation, Steven Holliman an Individual, Defendants.

## ORDER

EAGAN, Chief Judge.

Now before the Court is the motion (Dkt.# 5) filed by defendant Corrections Corporation of America ("CCA") to dismiss the complaint filed against it by plaintiff Brian L. Torres ("Torres") for violation of 42 U.S.C. § 1983 and negligence, and the motion to amend (Dkt.# 8) filed by plaintiff Torres. Defendant CCA moves to dismiss the complaint against it for failure to state a claim upon which relief can be granted because the complaint fails to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Although defendant CCA's motion to dismiss

### I.

Torres was an inmate at the David L. Moss Criminal Justice Center ("David L. Moss"), a correctional facility administered by defendant CCA, on December 5, 2003. On that evening, Torres was assaulted and battered by CCA guard Holliman. Torres suffered injuries to his jaw and teeth as a result of the assault. That same night, Torres filled out an Incident Report regarding the attack. Torres also cooperated with law enforcement in their investigation of the assault. Holliman's employment with CCA was terminated following this incident, and he was charged with misdemeanor assault and battery in Tulsa County District Court.

CCA had an administrative grievance procedure in place at David L. Moss at the time of the incident involving Torres. The David L. Moss procedures provide, in part, that "[i]n filing a grievance, the inmate/resident must complete the Inmate/Resident Grievance Form (Form 14–5A) and place it in the Grievance Mail Box, or, if a Grievance Mail Box is not used, forward it to the Facility Grievance Officer." (Deft.'s Mot. to Dismiss, Ex. B.) The policy further provides that a grievance

---

1. The Tenth Circuit has held that 42 U.S.C. § 1997e(c) requires the district court to dismiss actions which fail to state a claim, even absent a defense motion in that regard. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (2003).

must be filed within seven (7) days of the alleged incident. (Deft.'s Mot. to Dismiss, Ex. B.) The Incident Report filled out by Torres did not fulfill the requirements of the administrative grievance procedure. It was not the proper form (Form 14–5A), nor was it placed in a Grievance Mail Box or forwarded to a Grievance Officer. David L. Moss has no record of a proper administrative grievance filed by Torres in regard to the assault. Moreover, Torres does not claim to have filed a grievance as it is defined under the administrative grievance procedure, nor does he claim that the grievance procedure was made unavailable to him.

Torres filed the instant suit in Tulsa County District Court while incarcerated at the Northeast Oklahoma Correctional Center in Vinita, Oklahoma. He is represented by counsel. The suit was removed to this Court on January 14, 2005. The original complaint does not plead or establish exhaustion of all available administrative remedies. As stated above, in his response, Torres admits that he failed to plead exhaustion, and requests leave to amend his complaint to reflect that he filled out the Incident Report, complained to CCA staff about the assault, and cooperated in the Tulsa County criminal case against Holliman. Defendant CCA argues that the Court should not allow the proposed amendment, because if it were done, the complaint would still fail to comply with the PLRA.

## II.

■ The provision of the PLRA cited by Defendant in support of its motion to dismiss provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1206 (10th Cir. 2003). The United States Supreme Court has strictly interpreted this provision, holding that available administrative remedies must be exhausted prior to an inmate's filing of a § 1983 action or other federal claim based on conditions of confinement, even if the available remedies appear to be futile. *See Booth v. Churner,* 532 U.S. 731, 740 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("we stress the point … that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Thus, the substantive meaning of 42 U.S.C. § 1997e(a) is that " 'resort to a prison grievance process must precede resort to a court' " anytime an inmate wishes to file a federal claim relating to conditions of confinement.[2] *Steele,* 355 F.3d at 1207 (quoting *Porter v. Nussle,* 534 U.S. 516, 529, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)).

■ The Tenth Circuit has held that this provision imposes a pleading requirement on the prisoner, so that "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.' " *Id.* at 1210 (quoting *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir.1998)). The prisoner is also required to "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Id.* If the Court

---

**2.** A suit claiming excessive force, even if it concerns only one incident, constitutes a suit with respect to prison conditions under the PLRA. *Porter v. Nussle,* 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

determines that the prisoner has failed to exhaust available administrative remedies, the Court must dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6). *Id.* at 1212; *Ross v. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir.2004) (stating that the PLRA contains a total exhaustion requirement so that the presence of unexhausted claims requires the district court to dismiss the action without prejudice).

■ Moreover, the Tenth Circuit has clearly indicated that a prisoner's subjective belief as to whether he or she exhausted all available remedies is irrelevant to the Court's inquiry. In *Yousef v. Reno,* 254 F.3d 1214 (10th Cir.2001), Yousef, a federal prisoner, filed both a formal and an informal application seeking review of certain "special administrative procedures" ("SAMs") that had been implemented against him by the Bureau of Prisons ("BOP"). *Id.* at 1216. The response from BOP appeared to indicate that the BOP had no jurisdiction to review the specific claims raised by Yousef.[3] *Id.* at 1222. Yousef argued that such a response obviated any requirement to pursue review of the decision, as BOP did not appear to have jurisdiction to review his claims. The Tenth Circuit disagreed, stating, "[D]espite the BOP's inability to address challenges to the SAM's overall validity, Mr. Yousef was required to exhaust all of his administrative remedies before seeking judicial consideration of his claims." *Id.* The fact that Yousef did not believe that the administrative remedies were available was irrelevant.

The Tenth Circuit has further solidified this position by adopting the Eighth Circuit's holding in *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir.2000), that "[s]ection 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Gonzales–Liranza v. Naranjo,* 76 Fed.Appx. 270, 273 (10th Cir.2003) (unpublished opinion). In that case, defendant filed a motion to dismiss the plaintiff's complaint for failure to exhaust the available prison administrative remedies. *Id.* at 272. The plaintiff defended on the grounds that he was unable to avail himself of all administrative remedies because the prison did not make him aware that the remedies existed. *Id.* The Tenth Circuit held that dismissal was proper, stating:

> It is undisputed that [the prison] had a written grievance procedure and it is undisputed that plaintiff did not exhaust that procedure. Plaintiff does not allege that [the prison] did anything to frustrate or prevent him from utilizing those procedures .... Plaintiff's claim that he told a prison guard he wished to file a complaint and was not told about the administrative remedies is unavailing. Giving notice of his claim by means other than the prison's available grievance process does not satisfy the PLRA's exhaustion requirement.

*Id.* at 273.

Thus, the Tenth Circuit has held that, even if a plaintiff is unaware of a prison's administrative grievance procedure, such unawareness does not waive the exhaustion requirement under the PLRA. *Id.*

---

**3.** Specifically, the response from BOP indicated that BOP had no jurisdiction to review the legality and fairness of SAMs in general, which Yousef stated was his primary claim. *Yousef,* 254 F.3d at 1222. However, a response from the Attorney General indicated that BOP did have jurisdiction to consider the fairness of individual SAMs as applied to Yousef.

## III.

In the instant case, it is undisputed that Torres was a prisoner confined in a correctional facility at the time he filed this lawsuit. Section 1997e(a), by its terms, applies only to claims filed by prisoners "with respect to prison conditions under section 1983 of this title, or any other Federal law." 42 U.S.C. § 1997e(a) (emphasis added). Thus, Torres' § 1983 claims clearly fall within the ambit of 42 U.S.C. § 1997e(a), and therefore are subject to the exhaustion pleading requirements. However, Torres' state law claim of negligence does not fall within the ambit of § 1997e(a). Therefore, dismissal of the negligence claim under that provision would be improper. Defendant failed to raise alternative grounds for dismissal of the negligence claim. Accordingly, the Court will not consider dismissal of plaintiff's state law claim for negligence.

With regard to the § 1983 claims against defendants CCA and Holliman, Torres has admitted that he failed to plead exhaustion in his complaint. Therefore, the Court will address solely whether Torres should be given leave to file his proposed amended complaint in lieu of dismissal of his § 1983 claims because the amendments would cure the exhaustion pleading defects.

Torres argues that by adding the following statements to his complaint, he will cure any exhaustion pleading defect:

1) Torres filed a grievance [4] in the form of an incident report with CCA regarding Holliman (although he erroneously named him "Holcombe");

2) Torres additionally complained to CCA staff on numerous occasions regarding the assault;

3) Torres reported the incident to Detective Meyers of the Tulsa Police Department;

4) As a result of the assault and battery on Torres and the subsequent grievance, Holliman was terminated by CCA;

5) Holliman was charged in Tulsa County District Court with misdemeanor assault and battery stemming from the incident involving Torres;

6) A statement that, pursuant to the PLRA, Torres exhausted all administrative remedies to which he was made aware by CCA and which were made available to him by CCA by first filing a written grievance and reporting the incident to law enforcement; and

7) CCA afforded no other grievance remedies to Torres and took no other action on the grievance.

(Pl.'s Resp. to Deft.'s Mot. to Dismiss at 4.)

Defendant presents several arguments to support its contention that, even if the Court allowed Torres to make the above amendments to his complaint, the complaint would still be defective under the PLRA. First, defendant argues that the proposed amended complaint is defective because it does not plead exhaustion of administrative remedies with specificity as required under the PLRA. It is undisputed that Torres does not present written documentation to substantiate his claim that he exhausted all available administrative remedies. Thus, he is required under the

---

4. Torres uses the word "grievance" in his proposed amended complaint. However, in his response to Defendant's motion to dismiss, Torres admits that he did not file a grievance as defined in the formal grievance procedure in place at David L. Moss. Rather, he argues that the incident report he completed should satisfy the requirement to file a formal grievance. This argument will be addressed below.

PLRA to describe with specificity the administrative proceeding and its outcome. *Steele*, 355 F.3d at 1210.

In the proposed amended complaint, Torres merely states that he filed a "grievance" in the form of an incident report. He does not state what relief, if any, he sought by filing the report. The only "relief" Torres describes in the amended complaint is Holliman's termination from employment with CCA. Moreover, Torres does not describe any kind of proceeding that took place as a result of his complaints.

Because the proposed amended complaint does not either provide written documentation to show exhaustion of administrative remedies, or describe with specificity any administrative proceeding and its outcome, the Court finds that it is facially deficient under the PLRA. *Steele*, 355 F.3d at 1210. For this reason, amendment of the complaint would be futile, and Torres' § 1983 claims against defendants CCA and Holliman must be dismissed.

■ Second, defendant argues that, even if exhaustion of administrative remedies was pled with the required specificity in the proposed amended complaint, dismissal would still be warranted because Torres did not in fact exhaust all available remedies as required under the PLRA. Torres argues that he gave adequate notice to David L. Moss of his complaints by completing the incident report and verbally complaining to staff members about the assault, and that he exhausted all administrative remedies to which he was made aware by CCA and which were made available to him by CCA. In short, Torres

argues that the incident report he completed should satisfy the requirement to file a formal grievance. However, Torres does not claim to have filed a grievance as it is defined under the administrative grievance procedure, nor does he claim that the grievance procedure was made unavailable to him. "Giving notice of [a] claim by means other than the prison's available grievance process does not satisfy the PLRA's exhaustion requirement." *Gonzales–Liranza*, 76 Fed.Appx. at 273. Because Torres did not exhaust all available administrative remedies and was not prevented from exhausting them by defendants, his federal § 1983 claims must be dismissed.

**IV.**

■ Having found that dismissal of Torres' federal claims is proper, the Court will now address whether such dismissal is with or without prejudice.

■ "[A] dismissal based on lack of exhaustion should ordinarily be without prejudice." *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 2005 WL 827139 at *4 (10th Cir. April 11, 2005) (emphasis in original). The district court may dismiss the case with prejudice if it proceeds to address the merits of the claim and concludes that the plaintiff would be unsuccessful even absent the exhaustion issue. *Id.* Here, the Court has not reached the merits of plaintiff's federal claims. Dismissal of those claims is based solely on plaintiff's failure to plead exhaustion and his failure to actually exhaust administrative remedies. Accordingly, plaintiff's federal claims will be dismissed without prejudice.[5]

---

**5.** In the instant case, the Court notes that Torres' time frame for exhausting the appropriate administrative remedies has now expired. The Tenth Circuit has held that a

plaintiff may not successfully argue that his or her administrative remedies have been exhausted by default because the plaintiff failed

## V.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt.# 5) is **granted in part and denied in part**: it is **granted** as to plaintiff's § 1983 claims against defendant CCA; it is **denied** as to plaintiff's state law negligence claims. Plaintiff's motion to amend (Dkt.# 8) is **denied**. The Court has determined, *sua sponte*, that dismissal of plaintiff's § 1983 claims against defendant Holliman is also warranted.

The Court does not have federal question or diversity jurisdiction of the remaining negligence action against defendant CCA, and the Court in its discretion declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Accordingly, the remaining state law negligence claim against CCA is hereby remanded to the District Court of Tulsa County for further adjudication under 28 U.S.C. § 1447(c), and a certified copy of this order of remand shall be mailed to the clerk of that court.

to employ them and is now time-barred from doing so. *Fitzgerald,* 403 F.3d 1134, 1136.