**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RYAN J. GRIFFIN,

      Plaintiff-Appellant,

v.

SERGEANT ROBERT ROMERO,

      Defendant-Appellee.

No. 10-2138

(D. of N.M.)

(D.C. No. 1:09-CV-00513-WJ-RLP)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Ryan James Griffin, a federal prisoner proceeding pro se and *in forma pauperis*,[1] appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust available administrative remedies.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Griffin is proceeding pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM.

## I. Background

Griffin, a New Mexico prisoner in the custody of the Taos County Adult Detention Center (TCDC) at the time of the incident in question, filed a pro se § 1983 complaint in May 2009 against Sgt. Robert Romero, a correctional officer at TCDC. Griffin alleged TCDC detention officers incarcerated him in an illegal-sized cell without water access or proper toilet facilities. He also averred they denied him exercise, daily showers, visitation privileges, mail, phone calls, and access to an attorney.

Griffin acknowledged in his complaint that he did not seek formal relief from the appropriate administrative officials regarding the alleged constitutional infringements. Rather, he contended either TCDC lacked a formal grievance procedure or TCDC detention officers "denied it to [him] when asked" by saying "the head administrator was sick. R. Doc. 1 at 5.

Before ruling on the exhaustion issue, the district court ordered Romero to file a *Martinez* report to investigate the incidents forming the basis of Griffin's complaint. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (holding that a report may be necessary to determine certain preliminary issues). The *Martinez* report included copies of TCDC's grievance form and procedures and an affidavit by Romero stating (1) Griffin never requested a grievance form from him, (2) he is not aware of Griffin requesting a grievance form from any other

detention officer, (3) the record does not indicate Griffin filed any grievance forms, (4) Griffin's counsel did not complain about the conditions of confinement, and (5) Griffin was never denied access to his mail or any requested legal materials.

The magistrate judge filed a report and recommendation that the complaint be dismissed without prejudice for failure to exhaust administrative remedies. The district court adopted the report and recommendations after determining Griffin's objections lacked merit.

## II.  Analysis

"We review de novo the district court's finding of failure to exhaust administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Griffin contends the district court erred in dismissing the complaint because the alleged conditions of his incarceration ("no toilet, no water, no nothing") prevented him from exhausting his administrative remedies.  Aplt. Br. at 3. Griffin also claims TCDC lacks an "available" grievance procedure, as evinced by the (alleged) fact that Griffin's repeated requests to speak with an administrator were denied.  Aplt. Reply Br. at 2.  Finally, Griffin argues the Prison Litigation Reform Act of 1995 (PLRA) does not require a person who already has been

released from the custody of a detention facility[2] to exhaust administrative remedies prior to bringing a civil lawsuit.

Pursuant to the PLRA, prisoners bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotations omitted). The Supreme Court has stressed, "we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirement[ ]." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

"Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir.

---

[2] TCDC is a small detention center that typically sends its inmates to Cibola County, San Miguel County, or Santa Fe County for housing after 72 hours. But these three counties initially refused to house Griffin due to his escape attempts, alleged bad behavior when previously incarcerated in San Miguel County, and overcrowding. After about one month's detention at TCDC, Santa Fe County finally accepted Griffin and he was transferred there in October 2008.

2000). "Congress intended to save courts from spending countless hours, educating themselves in every case, as to the vagaries of prison administrative processes, state or federal" and "did not intend for courts to expend scarce judicial resources examining how and by whom a prison's grievance procedure was implemented." *Concepcion v. Morton*, 306 F.3d 1347, 1354 (3d Cir. 2002) (quotation omitted).

Griffin no longer disputes, as he did below, that TCDC has a written grievance procedure. Instead, he argues TCDC detention officers did not make the process available to him. But the record does not demonstrate and Griffin does not claim he ever requested a grievance form or otherwise submitted his grievance in writing, although he was able to submit a written request for medication and reading materials from his family during that time. Although Griffin claims he repeatedly asked to speak with an administrator, giving notice of claims by means other than a prison's available grievance process does not satisfy PLRA's exhaustion requirements. *See Jernigan*, 304 F.3d at 1032.

Similarly, Griffin does not claim he was unable to seek an administrative remedy at TCDC after being sent to another detention facility. Instead, he argues properly filing a grievance would be pointless because it would not "reap [him the] benefit of the grievance outcome." Aplt. Reply Br. at 3. But futility is not an excuse to the PLRA's exhaustion requirement. *See Booth*, 532 U.S. at 741 n.6.

### III.  Conclusion

The judgment of the district court is AFFIRMED.  Griffin's motion to proceed *in forma pauperis* is GRANTED, but he is reminded that he is obligated to continue making partial payments until the entire $455 filing fee is paid in full.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge