FILED
United States Court of Appeals
Tenth Circuit

November 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES SIMMONS,

      Plaintiff-Appellant,

v.

JON STUS, Deputy, Crawford County
Sheriff Department; DONNY (LNU),
Deputy, Crawford County Sheriff
Department; TROY (LNU), Deputy,
Crawford County Sheriff Department,

      Defendants-Appellees.

No. 10-3070
(D.C. No. 5:06-CV-03291-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, ANDERSON,** and **KELLY**, Circuit Judges.

    James Simmons, a Kansas prisoner proceeding pro se and in forma

pauperis, appeals the district court's dismissal of his excessive-force claim,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brought pursuant to 42 U.S.C. § 1983, for failure to exhaust available

administrative remedies.  We take jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Mr. Simmons filed suit complaining about the conditions of his

confinement at the Crawford County Jail in Girard, Kansas, from August 7, 2006

to May 22, 2007.  The district court dismissed all of his claims for failure to state

a constitutional violation except the excessive-force claim.[1]  Mr. Simmons alleged

that jailers used excessive force on December 19, 2006, when he was beaten by

three correctional officers.  The district court dismissed the claim for failure to

exhaust administrative remedies.

Mr. Simmons concedes that he did not file an administrative grievance

concerning the alleged excessive-force incident.  He further concedes that there

was a grievance procedure in place at the jail.  Instead, he argues that he was

unaware of the grievance procedure.[2]

---

[1]      Mr. Simmons has waived his claims other than the excessive-force claim by failing to argue them on appeal.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 n.4 (10th Cir. 2002) (holding issues not argued to appellate court are deemed waived).

[2]      Mr. Simmons also asserts that the district court erred in stating that (1) he was assigned to a one-man holding cell for protection; (2) he claimed the beating occurred in his cell, rather than outside it; and (3) he had submitted grievances prior to the alleged beating.  These disputes are not relevant to the issue of whether he exhausted administrative remedies relative to the alleged beating.

*Analysis*

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), provides that a prisoner confined in any jail, prison or correctional facility may not bring any action under any federal law regarding prison conditions "until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Because Mr. Simmons is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson,* 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). In an unpublished decision, this court addressed whether a prisoner may avoid the exhaustion requirement if he was unaware of the jail's grievance procedures. *Gonzales-Liranza v. Naranjo*, 76 F. App'x 270 (10th Cir. 2003). Although *Gonzales-Liranza* is not binding precedent, we agree with its reasoning, given its factual similarity to this case. In each, the prisoner claimed he had not been informed how to file a grievance or given an inmate handbook

-3-

describing the procedure, and neither claimed that the respective correctional facility "did anything to frustrate or prevent him from utilizing [the grievance] procedures," *id.* at 273. Accordingly, we hold that "even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement." *Id.*; *see also Griffin v. Romero*, No. 10-2138, 2010 WL 4069460, at *2 (10th Cir. Oct. 19, 2010) (unpublished) (affirming dismissal for failure to exhaust administrative remedies even though prisoner claimed that jail officers did not make grievance process available to him).

*Conclusion*

The district court granted Mr. Simmons leave to proceed on appeal in forma pauperis. He is reminded that he must continue to make partial payments until the entire balance of the filing fee is paid. The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-4-