RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0338P (6th Cir.)
File Name:  01a0338p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FRANK JONES,
                *Plaintiff-Appellant,*

                v.                                   No. 00-5734

TIM SMITH, Correction
Counselor; DR. A. M.
CORDERO,
                *Defendants-Appellees.*

Filed:  September 21, 2001

Before:  DAUGHTREY and GILMAN, Circuit Judges;
                COHN, Senior District Judge.[*]

_____

## ORDER

_____

PER CURIAM.  Frank Jones, a federal prisoner, appeals pro se a district court order dismissing without prejudice his complaint filed under the Americans With Disabilities Act, 42

_____

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

U.S.C. § 12101 et seq., for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Jones filed this action against a prison counselor and physician. He alleged that he suffers from back problems, diabetes, and high blood pressure, and that defendants had failed to assign him an appropriate prison job and a bottom bunk, or to treat his medical problems properly. He stated that he had not exhausted his administrative remedies because, when he asked his counselor, one of the defendants, for a grievance form, the counselor told him to get out of his office.

The district court sua sponte dismissed the complaint for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). On appeal, Jones argues that it was futile to require exhaustion in this case because he was denied a grievance form. He also raises a number of issues regarding alleged retaliation that occurred following the filing of this complaint, which were not raised in the district court and need not be addressed.

This court reviews de novo dismissals for failure to exhaust administrative remedies. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). De novo review of the record in this case reveals that the complaint was properly dismissed for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). *See Booth v. Churner*, 121 S. Ct. 1819, 1825 (2001).

Jones failed to demonstrate that he had exhausted his administrative remedies, *see Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), admitting that no grievance had been filed because his counselor did not give him a grievance form. This is also the only argument Jones raises on appeal relevant to the the district court's reason for dismissing his complaint. He does not allege that there was no other source for obtaining a grievance form or that he made any other

attempt to obtain a form or to file a grievance without a form. Under these circumstances, the dismissal without prejudice of this complaint was proper and is accordingly affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____
Clerk