**Rayshan WATLEY, Plaintiff–Appellant,**

**v.**

**James GOODMAN, Defendant–Appellee.**

**No. 01–3860.**

United States Court of Appeals,
Sixth Circuit.

March 6, 2002.

Before MOORE and COLE, Circuit
Judges; TARNOW, District Judge.[*]

Rayshan Watley, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his 42 U.S.C. § 1983 civil rights complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Watley filed a complaint against James Goodman, the institutional inspector at the Southern Ohio Correctional Facility, where Watley is incarcerated. Watley alleged that Goodman has repeatedly refused to issue him "notification of grievance forms" so that he can challenge the conditions of his confinement. Watley alleged that as a result of Goodman's actions, he has been denied access to the courts because in order to challenge the conditions of his confinement in federal court, he must first exhaust his administrative remedies. Without the grievance forms, Watley contends that he is unable to exhaust his administrative remedies.

The district court dismissed Watley's complaint for failure to state a claim upon

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

which relief may be granted. Watley has filed a timely appeal.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Watley's complaint, as it fails to state a claim for relief. To the extent that Watley argues that Goodman refused to provide him with the grievance forms necessary to pursue his administrative remedies, his claim fails because Watley "does not allege that there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or to file a grievance without a form." *Jones v. Smith,* 266 F.3d 399, 400 (6th Cir.2001) (dismissal for failure to exhaust administrative remedies). In addition, the "Decision of the Chief Inspector on a Grievance," which is attached to Watley's complaint, indicates that Watley was not provided grievance forms due to his failure to follow the proper procedure for requesting such forms. Watley was provided grievance forms for the requests that correctly followed the grievance procedure.

Watley failed to allege a violation of his First Amendment right of access to the courts because his allegation that the denial of grievance forms prohibited him from filing a civil suit in federal court fails to establish an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Watley did not allege that he was denied the opportunity to present his claims in court or that

his access to the courts was obstructed or impeded by Goodman. In fact, the Chief Inspector's decision indicates that Watley was provided grievance forms when he followed the proper procedures for requesting them. Watley also failed to allege that Goodman prevented him from pursuing a legitimate, nonfrivolous legal claim. The record gives no indication whether Watley's alleged conditions of confinement claim had any potential merit. Therefore, Watley has not alleged the denial of " 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Id.* at 351 (quoting *Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.