**Anthony D. WILLIAMS,**
**Plaintiff–Appellant,**

v.

**Tina MOORE, et al., Defendants–**
**Appellees.**

No. 01–2483.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before MERRITT, SUHRHEINRICH,
and GILMAN, Circuit Judges.

## ORDER

Anthony D. Williams, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Williams sued Tina Moore, Shelly Peterson, Pat Malone, Dirk Deneste, Curt Rife, Sarah Schroeder, Fagerberg, Dennis Cole, and T. Larson. The defendants were all employed by the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility where Williams was incarcerated. Williams alleged that the defendants threatened to retaliate against him if he filed any litigation, denied him typing pa-

per, pens, and legal envelopes, denied him access to grievance forms, denied him access to the prison law library, beat him, destroyed his legal pleadings, and destroyed copies of grievance responses. The defendants moved to dismiss the complaint for failure to exhaust administrative remedies and moved to strike portions of the complaint that duplicated another district court action. The magistrate judge recommended granting the defendants' motion to strike and denying the defendants' motion to dismiss. The district court adopted the magistrate judge's recommendation to strike portions of the complaint, but rejected the magistrate judge's other recommendation and dismissed the case. The court held that Williams failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e.

In his timely appeal, Williams argues that the district court erred: (1) by concluding that Williams did not exhaust his administrative remedies; (2) by relying on a paragraph of the prison policy that was not applicable to him; and (3) by ignoring the fact that defendant Malone was Williams's only source for obtaining a grievance form and that Williams attempted to obtain relief.

This court reviews de novo a district court's application of the PLRA. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed all but one of Williams's claims for failure to exhaust administrative remedies. We further conclude that the only claim that Williams did exhaust failed to state a claim for relief. Accordingly, that claim should have been dismissed with prejudice.

The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002) (exhaustion requirement applies to all prisoner suits seeking redress for prison circumstances or occurrences, including excessive force claims); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001) (exhaustion required even where grievance procedure does not permit money damages and prisoner seeks only money damages); *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir. 1999) (exhaustion required even in solely money damages cases). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown,* 139 F.3d at 1104. However, exhaustion does not need to be considered where the claim fails to state a claim upon which relief can be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown,* 139 F.3d at 1104.

■ The only claim that Williams exhausted failed to state a claim. In paragraph nine of his complaint, Williams alleged that on December 21, 1999, defendant Cole confiscated and destroyed all but one copy of unspecified legal pleadings. In a grievance also referring to December 21, 1999, Williams alleged that Cole destroyed twenty-one out of twenty-two copies of a civil rights

complaint that was sent to Williams and that Cole kept the remaining copy. Williams appealed the denial of this grievance to the third and final level of review. Construing this as a claim of denial of access to the courts, the claim fails because Williams did not allege that he was prejudiced by the defendants' alleged actions. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He did not provide any details about the civil rights case, why he needed the additional copies, or the effect of their destruction. Thus, although Williams exhausted his administrative remedies on this charge, it should have been dismissed for failure to state a claim. *See* 42 U.S.C. § 1997e(c)(2); *Brown,* 139 F.3d at 1104.

■ Williams failed to show that he exhausted his remaining claims. First, he did not attach any grievances to his complaint. *See Knuckles El,* 215 F.3d at 642. Second, the grievance identification numbers Williams provided for some of the allegations in his complaint do not match the grievance appeals that were filed, eventually, in the record. Third, Williams did not allege or demonstrate that he followed MDOC procedure for obtaining grievance forms while on modified access. Williams claims that he was not allowed to file grievance forms, but the record shows the grievance coordinator told Williams that he must follow the procedures and try orally to resolve the claims before he would get grievance forms and that Williams failed to do this. *See Watley v. Goodman,* 31 Fed.Appx. 169 (6th Cir.2002) (grievance forms not provided where prisoner failed to follow proper procedure). Accordingly, Williams failed to meet his burden of production under the PLRA. *See Brown,* 139 F.3d at 1104.

We have considered Williams's arguments on appeal and conclude that they are without merit.

For the foregoing reasons, we affirm the district court's order in part, and vacate and remand it in part. The district court is directed to dismiss with prejudice paragraph nine of the complaint for failure to state a claim. The district court's order is affirmed in all other respects. Rule 34(j)(2)(C), Rules of the Sixth Circuit.