Roger L. LYLE, Plaintiff–Appellant,

v.

Darnell JACKSON, et al., Defendants–
Appellees.

No. 02–1323.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2002.

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.*

Roger L. Lyle, a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights action, filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lyle filed a complaint against a large number of defendants, setting forth twenty-four claims for relief. The district court screened the complaint under 28 U.S.C. § 1915A, and dismissed the majority of the claims and defendants. Lyle filed numerous motions to amend his complaint to add new claims against different defendants, all of which the district court denied. The remaining defendants moved for dismissal or summary judgment, and the magistrate judge recommended that the remaining claims be dismissed because Lyle had failed to exhaust his administrative remedies. The district court overrruled Lyle's objections, adopted the magistrate judge's report, and dismissed the complaint.

On appeal, Lyle argues that the district court erred in dismissing some of his claims on initial screening. He also argues that the dismissal of the remaining claims for failure to exhaust administrative remedies was erroneous, and that the district court should have granted a number of his motions to amend his complaint. He also continues his practice of moving to amend by filing such a motion on appeal. Defendants argue that the dismissal for failure to exhaust was correct. They also raise for the first time the argument that the claims are barred by the statute of limitations.

■ Initially, we note that Lyle is not raising any issue with regard to a number of claims which were raised in the complaint and dismissed by the district court upon screening pursuant to 28 U.S.C. § 1915A. These include claims regarding the outcome of his parole hearing, the deduction of money from his prison account for restitution, and a challenge to a misconduct charge. Because these issues have not been briefed on appeal, they are deemed abandoned and will not be ad-

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

dressed. *McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986).

Lyle is challenging the dismissal of some of the claims disposed of in the initial screening order, but we conclude that all of these claims were properly dismissed. Lyle sought monetary damages from two court clerks whom he alleged failed to provide him with requested copies of previous filings and transcripts. The complaint was properly dismissed as to these defendants on the basis of quasi-judicial immunity. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir.1988). Lyle also named as defendants a magazine editor and web-site manager with whom he had placed personal ads to which he did not receive any responses. The district court properly dismissed the claims against these defendants for lack of jurisdiction because they were not state actors and Lyle had no constitutional right to receive replies to his personal ads. Finally, Lyle challenges the dismissal of a number of claims and defendants which related to his conviction, alleging ineffective assistance of counsel and police misconduct. The dismissal of these claims and parties must be affirmed because they imply the invalidity of Lyle's conviction, which has not been overturned through other processes. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The remaining claims were dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). This court reviews such dismissals de novo. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997). Such review shows that the claims were properly dismissed for failure to exhaust. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). Lyle failed to show that he filed a grievance concerning his placement in segregation and transfer after he reported an assault by another prisoner. He argues that he requested and was denied grievance forms. He also argues that he requested grievance forms from the law library, but received no response. This court has affirmed the dismissal of a similar case in *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir.2001), noting that a claim of denial of forms was insufficient where the prisoner did not allege that he made any other efforts to obtain forms or to file without forms. In this case, Lyle alleges the additional step of asking for grievance forms from the law library, although he did not document this request. He also does not allege that the law library was a proper source for grievance forms. Nor did he attempt to file his grievance without a form. We therefore conclude that dismissal was appropriate. Lyle also did not exhaust his administrative remedies regarding his final claim, that he was retaliated against by being charged with falsely reporting an assault by another prisoner. He was found not guilty of false reporting. He argues that a grievance cannot be filed regarding misconduct charges, but grievances can be filed to allege retaliation, which is the actual claim raised here. Therefore, this claim was also properly dismissed. Because these claims were properly dismissed for failure to exhaust, we need not reach defendants' new argument that these claims were barred by the statute of limitations.

Finally, Lyle argues that his numerous motions to amend should have been granted to allow him to raise the following claims: 1) a conflict in scheduling health care and religious services; 2) the denial of his request for a special diet; 3) excessive charges for purchasing televisions; 4) inadequate treatment of his back pain; 5) denial of access to a word processor; 6) being required to pass a test to work in the library; 7) being paid low wages; and 8) denial of a double degree in

the college program. We conclude that the district court did not abuse its discretion in denying these motions to amend the complaint. *Robinson v. Mich. Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir.1990). Prejudice to the original defendants would have resulted by allowing these amendments to add new claims against new defendants, as it would have prolonged the proceedings without any prospect of ever resolving all of Lyle's complaints. Lyle was not prejudiced, as he could file separate complaints raising his new claims. Finally, the magistrate judge noted that the new claims would not withstand motions to dismiss.

For all of the above reasons, all pending motions are denied and the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.