**Eric MARTIN, Plaintiff–Appellant,**

v.

**Rich JOHNSON; James Yankovick, Lieutenant, Defendants–Appellees.**

No. 02–2231.

United States Court of Appeals, Sixth Circuit.

July 7, 2003.

Before BOGGS and GILMAN, Circuit

Judges; and DOWD, District Judge.*

### ORDER

Eric Martin, a Michigan state prisoner, moves for oral argument and appeals pro se the summary judgment for defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Martin filed this complaint against two employees of the Michigan Department of Corrections. He alleged that, on May 17, 2001, he had been complying with a strip search when one of the defendants inserted his finger into Martin's rectum and the other defendant sprayed a chemical agent into his rectum. He also complained about receiving his meals in the form of food loaf and being verbally harassed, and attempted to assert claims under 42 U.S.C. § 1985 and 18 U.S.C. § 241. Martin alleged that he had requested a grievance form, because he was on modified grievance access, but had not received one. The copy of the grievance request attached to the complaint showed that Martin requested to file a grievance regarding the use of a chemical agent only.

The magistrate judge initially recommended that the claims regarding food loaf, verbal harassment, § 1985, and 18 U.S.C. § 241 be dismissed for failure to state a claim. The district court adopted this recommendation over Martin's objections. Defendants moved for summary judgment on the remaining claims. The district court denied a flurry of motions filed by Martin, requesting discovery, re- lief from having to serve defendants with pleadings, recusal of the magistrate judge, default, separation from guards who were allegedly interefering with his lawsuit, the dismissal of the Michigan Attorney General as counsel for defendants, personal delivery of material by the law librarian, a meeting of the parties, and a motion to amend in order to raise a Fourth Amendment claim based on the same facts. The magistrate judge then recommended that defendants be granted summary judgment, as review of a videotape of the incident in question showed that Martin had fabricated his claims. The district court adopted this recommendation over Martin's objections, and entered summary judgment for defendants.

On appeal, Martin raises numerous arguments. On the merits of his claim, he argues that he was the victim of excessive force, that defendants blocked the videotape to disguise their acts, that he was denied necessary discovery, that psychological pain is sufficient to state a claim, and that defendants are not entitled to qualified immunity. He also argues that the district court erred in denying his numerous motions listed above.

Martin was required to exhaust administrative remedies before filing his complaint. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). This court has held that, in cases involving complaints that fail to allege exhaustion pursuant to 42 U.S.C. § 1997e(a), decisions on the merits will be vacated and remanded for dismissal without prejudice. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). In this case, Martin alleged only that he had requested a grievance form to file concerning the use of a chemical agent in removing him from

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

his cell, but that he did not receive a form. This court has also held that such an allegation is insufficient to establish exhaustion. *Jones v. Smith,* 266 F.3d 399, 400 (6th Cir.2001).

Accordingly, the motion for oral argument is denied, the district court's judgment is vacated and this matter is remanded for dismissal without prejudice due to failure to exhaust administrative remedies. Rule 34(j)(2)(C), Rules of the Sixth Circuit.