**Joel BRIGGS, Plaintiff–Appellant,**

v.

**CITY OF CINCINNATI, Recreation Commission; Mike Thomas, Area Supervisor, Cincinnati Recreation, Defendants–Appellees.**

No. 02–4194.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

### ORDER

Joel Briggs, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendants in this discrimination action brought under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking five million dollars in damages, Briggs sued the City of Cincinnati Recreation Commission and Cincinnati Recreation Area Supervisor Mike Thomas. Briggs, who is African–American, alleged that the defendants discriminated against him in a place of public accommodation on the basis of race when they prevented him from using the steam room at the Mount Auburn Community Center from 4:30 p.m. to 7:00 p.m. on Tuesdays. The defendants' answer indicated that the steam room was made available to disabled adults during those periods. The district court directed the parties to brief the issue of whether the defendants were entitled to summary judgment. After the parties submitted motions and responses, the magistrate judge recommended granting summary judgment to the defendants. The magis-

trate judge concluded that Briggs's suit was barred by claim preclusion because Briggs had sued the defendants twice in state court over the same matter. The district court adopted the magistrate judge's report and recommendation over Briggs's objections and dismissed the case on August 30, 2001. Briggs filed two motions for relief from judgment pursuant to Fed.R.Civ.P. 60(b), a motion to recuse, and a motion for trial. The district court denied all of the motions and directed the clerk not to accept any future filings in the case.

On appeal, Briggs argues that: (1) disabled people do not have special privileges to restrict public accommodations; and (2) claim preclusion does not apply because his state court actions did not involve federal law.

Briggs filed a notice of appeal from the October 17, 2002, order that denied his motion to recuse and motion for trial. The district court construed the motion for trial as a motion for relief from judgment under Fed.R.Civ.P. 60(b). Abuse of discretion is the standard of review for the denial of Rule 60(b) motions. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998) (Rule 60(b)(2)); *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993) (Rule 60(b)(1)). This court also reviews the denial of a motion to recuse for an abuse of discretion. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990).

Upon review, we conclude that the district court did not abuse its discretion when the court denied Briggs's most recent post-judgment motions. In his motion for recusal, filed July 19, 2002, he complained that it had been three years and five months since he filed his com-

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

plaint and the court had not decided whether or not there was a violation of 42 U.S.C. § 2000a. In his motion for trial, filed July 23, 2002, Briggs appeared to argue that he was entitled to a trial because the district court misconstrued and misstated his complaint. He emphasized that his accommodation claim under 42 U.S.C. § 2000a was not actually litigated in state court.

■ Briggs's motions were entirely without merit. First, his motion for recusal was not timely because the district court had dismissed the case nearly a year earlier. Second, Briggs failed to file an affidavit in support of his motion for recusal as required by 28 U.S.C. § 144. *See Sammons*, 918 F.2d at 598–99. Third, he presented no evidence that either the magistrate judge or the district court judge had any personal bias or prejudice either against Briggs or in favor of any of the defendants. *See* 28 U.S.C. § 144. Fourth, Briggs did not show that the judges' impartiality could reasonably be questioned. *See* 28 U.S.C. § 455.

■ Briggs's motion for a trial was also flawed. He did not invoke any of the grounds for relief under Fed.R.Civ.P. 60(b), but merely sought to re-argue the merits of the district court's decision to dismiss his case on the basis of claim preclusion. However, it is clear that Briggs's prior state court actions met all of the elements of claim preclusion: the state trial court entered a valid decision on the merits, this action involved the same parties as the first, this action raised claims that were or could have been litigated in the first action, and this action arose out of the same facts that were the subject matter of the previous action. *See Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997). Moreover, Briggs could have invoked 42 U.S.C. § 2000a in state court because state courts have concurrent juris-

diction over civil rights actions based on federal law. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Thus, the district court properly held that claim preclusion prevented Briggs from suing the defendants again, and Briggs has presented no reason to set aside that decision.

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.