**Danny W. ANDERSON, Plaintiff–Appellant,**

v.

**Robert MEEKS, Grundy County Sheriff; Mr. Bouldin, Grundy County Executive; Glenn Maize, Administrator of Grundy County Jail; Dr. Byron Harbolt, Grundy County Jail Physician, sued in their individual and official capacity, Defendants–Appellees.**

No. 03–5312.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Danny W. Anderson, a Tennessee state prisoner, moves for the appointment of counsel and miscellaneous relief, and appeals a district court order dismissing his civil rights action, filed pursuant to 42 U.S.C. § 1983, for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Anderson filed this complaint against the Grundy County, Tennessee, sheriff, executive, jail administrator, and jail physi-

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

cian, in their official and individual capacities. The complaint was filed while Anderson was incarcerated in a state prison, but concerned allegations of Eighth Amendment violations while he was a pretrial detainee in the county jail. Specifically, Anderson alleged that the jail was overcrowded and unsanitary, he had contracted an infection in his foot for which medical treatment was delayed until the condition was life-threatening, there was no law library, there was no outside exercise, visitation was restricted, the fire exits were padlocked, and he was denied eyeglasses for the year and a half of his stay. The district court sua sponte dismissed the complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Anderson filed a motion to reconsider, alleging that he had twice requested grievance forms, but jail officials told him there was no such thing. The district court ordered defendants to respond to the motion for reconsideration, and to provide evidence that they informed Anderson of the procedure, provided him with the necessary forms, and gave him the opportunity to file a grievance. In response, defendants submitted a blank grievance form which they stated was available to all inmates. The district court then denied the motion for reconsideration. On appeal, Anderson reasserts his claim that he was told there was no grievance procedure at the jail. He also restates the merits of his original claims for relief.

This court reviews de novo the dismissal of a complaint for failure to exhaust administrative remedies pursuant to § 1997e(a). *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997). Anderson challenges the dismissal of his complaint for failure to exhaust administrative remedies because he claims that he was told there was no such thing as a grievance form at the jail where he was a pretrial detainee. This court has held that it is insufficient to allege that grievance forms were denied in order to excuse the exhaustion of administrative remedies; a prisoner must attempt to file a grievance without a form. *Jones v. Smith,* 266 F.3d 399 (6th Cir.2001). Because Anderson does not allege that he put any of his complaints in writing, the dismissal of this complaint for failure to exhaust administrative remedies is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.