**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE WILLIAM JOHNSON,

Plaintiff-Appellant,

v.

WACKENHUT CORRECTIONS
CORPORATION; DAYTON J.
POPPELL, Warden; MARK FOGEL,
MD; SANDRA ATWOOD; RON
WARD; and FIVE UNKNOWN JOHN
DOE CORRECTIONAL OFFICERS,

Defendants-Appellees.

No. 04-6245
(D.C. No. CV-03-483-R)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff George Johnson, a prisoner appearing *pro se*, appeals the district court's dismissal of his complaint against defendants Wackenhut Correctional Corporation (WCC); Dayton Poppell, its warden; Mark Fogle, M.D. and Sandra Atwood, health professionals employed by WCC; Ron Ward, Director of the Oklahoma Department of Corrections; and five unidentified correctional officers.[1] We affirm.

## I.

Plaintiff alleges that, on March 12, 2001, five unidentified correctional officers at the Lawton Correctional Facility (LCF) operated by WCC allowed four inmates to enter his locked cell and assault him, in deliberate indifference to his health and safety in violation of his Eighth Amendment rights. He further alleges medical staff at LCF gave him inadequate medical care following the assault in deliberate indifference to his medical needs. Finally, he alleges he was placed in solitary confinement following the assault, and that an LCF employee taped a note to his cell door prohibiting security staff and inmates from having any contact with him, in violation of his due process and Eighth Amendment rights as well as his rights under the Americans with Disabilities Act (ADA).

---

[1]     Plaintiff also named as a defendant Southwestern Medical Center (SWMC), through its supervisory board. The district court granted summary judgment in favor of SWMC and plaintiff does not assert any claim of error on appeal with respect to that dismissal.

Plaintiff filed his complaint on April 9, 2003 alleging claims under 42 U.S.C. § 1983 and the ADA. In it, he admitted that he had not exhausted his administrative remedies, but alleged he was prevented from doing so by defendants. The district court denied defendants' initial motions to dismiss the § 1983 claims for failure to exhaust administrative remedies under 42 U.S.C. § 1997e, ruling that plaintiff had raised at least an inference that prison officials had prevented him from utilizing the grievance procedure. It then dismissed all claims against defendant Ward for failure to state a claim under Fed. R. Civ. P. 12(b). It further dismissed the ADA claims against all of the remaining defendants, with the exception of WCC, ruling these claims were barred against these defendants under the Eleventh Amendment's sovereign immunity. The district court ordered the remaining defendants to prepare a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), and gave plaintiff fifteen days after the filing of that report to serve the unidentified John Doe defendants.

Defendants then filed a *Martinez* report and a simultaneous motion for summary judgment. After giving plaintiff an opportunity to respond, the district court granted the defendants' motion for summary judgment. It ruled that plaintiff had failed to effect service on the unknown John Doe defendants. It further dismissed plaintiff's § 1983 civil rights claims for failure to exhaust administrative remedies because plaintiff presented no evidence that he had ever

-3-

attempted to pursue his administrative remedies. Finally, it dismissed his ADA claim against WCC.

## II.

The Prison Litigation Reform Act provides that an inmate must exhaust administrative procedures before bringing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and exists regardless of whether the suit involves "general circumstances or particular episodes," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), or whether the available remedies appear able to provide the relief sought, *Booth v. Churner*, 532 U.S. 731, 741 (2001). In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003). In order to exhaust administrative procedures, the inmate must see the grievance process to its conclusion; the doctrine of substantial compliance does not apply, and there is no exception for when the inmate fails to cure a procedural deficiency or neglects to employ available internal processes before the time expires for pursuing them. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002). We review *de novo* a district

-4-

court's dismissal for failure to exhaust administrative remedies under § 1997e(a). *Id*. at 1032.

Plaintiff contends that he was prevented from availing himself of the grievance procedure by virtue of the note he claims was placed on his cell door barring contact with prison staff and inmates, and because he could not write with his right hand. Courts have held that refusing a prisoner grievance forms could raise an inference that the prisoner has exhausted "available" administrative remedies. *See Miller v. Norris*, 247 F.3d 736, 738, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"). Here, however, plaintiff presented no evidence indicating that he ever made any attempt to grieve his § 1983 claim. Nor is there any evidence that any LCF official prevented him from receiving any assistance he might have needed to begin the grievance process. It is undisputed that, notwithstanding any note on his cell door, Mr. Johnson had regular, daily contact with the prison medical staff, yet there is no evidence that he ever requested a grievance form or otherwise requested assistance with the grievance process from any medical staff, or any other prison staff, inmate or law clerk. There is also no evidence that plaintiff ever attempted to file an untimely grievance form, either upon his release from the medical unit or protective custody or upon his transfer to a different prison in July 2001.

Plaintiff argues on appeal that, in their *Martinez* report, defendants failed to interview the witnesses who would have testified that he requested a grievance form while he was in the medical unit. It was his obligation, however, not the defendants, to present any information or documentation supporting his claim that he attempted to exhaust his prison grievance remedies. *Steele*, 355 F.3d at 1209-10. Thus, the alleged note did not prevent him from exhausting his administrative remedies.

Plaintiff's argument that he was unable to write is equally unavailing. The only mention in the medical records of any possible paralysis in his right side was a single notation in July 2001, more than three months after his injury. Prior to that, there is only one notation, on March 18, 2001, indicating that he was unable to write. All of the other medical reports, including reports after July 2001, describe plaintiff as having a weakened grip in his right hand, not an inability to write. Moreover, it is undisputed that the grievance procedures at LCF permit an inmate to request assistance if he is unable to write for any reason, and, as noted above, there is no evidence that plaintiff ever requested any such assistance. Thus, the injury to his right hand did not prevent him from timely exhausting his administrative remedies.

Plaintiff's claim that defendants denied him access to LCF's grievance procedures and failed to provide him with reasonable accommodation in violation

of his rights under the ADA similarly fails. Even assuming, purely for the sake of argument, that an inmate can assert an ADA claim for monetary damages against state prison officials, [2] plaintiff presented insufficient evidence that he is a qualified individual with a disability under the ADA, and presented no evidence that he was in any way denied the benefits of LCF's prison grievance procedure or was denied any reasonable accommodation or was otherwise discriminated against by any defendant. Finally, we find no abuse of discretion in the district court's dismissal of claims against the unknown John Doe defendants for failure to effect service. *See Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith. We remind plaintiff that he must continue making partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2] *But see Cochran v. Pinchak*, 401 F.3d 184, 193 (3d Cir. 2005) (holding that ADA did not validly abrogate state's immunity for monetary claims brought by inmates under the ADA); *Miller v. King*, 384 F.3d 1248, 1275-76 (11th Cir. 2004) (same).