**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**June 24, 2005**

**PATRICK FISHER**
**Clerk**

LEONARD BALDAUF,

       Plaintiff-Appellant,

v.

FRANCIS GAROUTTE, EUGENE
ATHERTON; JOHN STONER;
STEVE SCHUH; CATHY SLACK;
VICKY RIDDLE; MIKE
ARELLANO; ED GILLESPIE;
DONALD MCCALL; GLORIA
BREIDENBACH; GARY PITTMAN;
MIKE WEBB; GERALD KNAPIC;
JOSEPH WILLIAM SIMS; DANIEL
GALLAGHER; DAVE LINAM;
KARRY PAINE; WILLIAM BEARD;
JAMES HALSTEAD; H. BENNETT;
CHARLES SHANNON; TOM
MARTIN; ELIAS RINCON; RON
LEYBA; JOHN HADLEY; ROBERT
STOCKMAN; GABE HERNANDEZ;
SEAN PRUITT; PAM KING; MATT
GOODWIN; JERRY AWMILLER;
RHONDA CORETTI; TERESA
REYNOLDS; DINEEN CRANDALL;
RICHARD FLORES; WESS
LEHMAN; JULIAN PADILLA;
CHRIS STARCER; GALE GRAHAM;
CHRISTIAN SNELSON; DAVID
SCHLOTTERER; WERMER;
SCAVARDA; LUSK; BELL; CAREY;
DECLUSIN; CORTEZ; E. MILLER;
JOE ORTIZ; LARRY REID; MORA;
RICHARD WRIGHT; DAN FOSTER;
THOMAS; AVANT; JAMES
MICHAUD; DON LAWSON;

No. 04-1402

(D.C. No. 03 RB 1104 (CBS))
(D.Colo.)

ZANDER; OWENS; PHILIPS; BOB
FLORES; AMY HOUGH; BRAD
ROCKWELL; CATHY HOLST,

Defendants-Appellees.

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Leonard Baldauf, a prisoner at the Arkansas Valley Correctional Facility, appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as well as the denial of motions for interim class counsel, default judgment, and an order to cure deficiency. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm in part, reverse in part, and remand.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

Baldauf filed his civil rights complaint against sixty-five named Colorado Department of Corrections (CDOC) employees on June 17, 2003. The incidents alleged in the complaint appear to have occurred while Baldauf was housed at the Colorado State Penitentiary and the San Carlos Correctional Facility. The magistrate judge interpreted the complaint as raising ten issues: (1) six of the defendants are allegedly responsible for unnamed inmates being placed in conditions of confinement that exacerbate mental disorders in violation of the Eighth Amendment; (2) forty-three defendants allegedly violated the First Amendment by retaliating against Baldauf for filing grievances; (3) fourteen defendants allegedly infringed upon the due process protections afforded by the Fourteenth Amendment by keeping Baldauf and other inmates in administrative segregation without meaningful review and such extended segregation constitutes cruel and unusual punishment in violation of the Eighth Amendment; (4) four defendants allegedly violated the Eighth Amendment by failing to provide medical care for an injury to Baldauf's arm sustained in November 2001; (5) five defendants allegedly violated the Eighth Amendment by using or allowing CDOC employees to exploit intake cells to inflict corporal punishment; (6) nine defendants allegedly violated Baldauf's First Amendment rights by improperly limiting the number of books allowed in administrative segregation and

3

confiscating documents from Baldauf's "legal mail"; (7) twenty defendants allegedly violated Baldauf's First Amendment rights by failing to provide grievance forms; (8) on or about March 15, 2002, thirteen defendants allegedly violated Baldauf's Eighth Amendment rights through the use of excessive force and deliberate indifference to conditions inflicted upon him while he was in the observation or intake cell; (9) eighteen defendants allegedly violated the Fourteenth Amendment by wrongfully depriving Baldauf of books and papers and by improperly withdrawing funds from Baldauf's inmate account to pay for a broken television; and (10) seven defendants allegedly denied mental health treatment to unnamed defendants. Attached to the complaint were copies of letters from the grievance counselor indicating Baldauf had exhausted his administrative remedies as to portions of some of his claims, but not all.

Defendants moved to dismiss some of the claims for failure to exhaust and others for failure to state a claim, mootness, qualified immunity, and failure to allege personal participation. The magistrate judge recommended that Baldauf's complaint be dismissed entirely without prejudice for failure to exhaust under 42 U.S.C. § 1997e(a). Baldauf filed objections to the magistrate judge's report and defendants filed a response to those objections. On September 3, 2004, the district court adopted the magistrate judge's recommendation, granted defendants' motions to dismiss, and dismissed Baldauf's complaint without prejudice for

4

failure to exhaust administrative remedies.

On September 9, 2004, Baldauf filed a motion for an order to cure deficiency that included several documents in an effort to show he had exhausted all administrative remedies. On November 4, 2004, the magistrate judge issued a report and recommendation that Baldauf's motion for an order to cure deficiency be denied for three reasons: (1) Baldauf's notice of appeal divested the district court of jurisdiction over the matter; (2) because the matter had been dismissed, Baldauf's request that the court consider additional documents was untimely; and (3) the additional documents Baldauf provided were insufficient to show he had exhausted his administrative remedies. The district court adopted the magistrate judge's recommendations on February 17, 2005 and denied the motion for order to cure deficiency.

Baldauf now appeals.

## II.

### *Failure to Exhaust*

We review de novo the district court's dismissal for failure to exhaust administrative remedies. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust "available" administrative remedies prior to filing an action under § 1983, even where the "available" remedies appear futile at providing the

kind of remedy sought. Jernigan, 304 F.3d at 1032. Administrative review by correction officials is intended "to reduce the quantity and improve the quality of prisoner suits" by "filter[ing] out some frivolous claims" and, at a minimum, "clarif[ying] the contours of the controversy." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). In a § 1983 action, the burden is on an inmate to sufficiently plead exhaustion of grievance proceedings, which includes supplying supporting documentation on exhaustion of prison grievance proceedings, or in the absence of documentation, describing with specificity the administrative proceedings and the outcome. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir.2003).

With these standards in mind, we turn to the record on appeal. Baldauf alleges that the district court erred in dismissing his action for failure to exhaust. First, Baldauf contends that whether he exhausted his administrative remedies is unclear and requires further inquiry. Aplt. Br. at 3A (citing Steele, 355 F.3d at 1211). Second, he contends the district court's decision rested on the CDOC's erroneous conclusion that some of his grievances were "defaulted." Id. at 3B. Third, he contends the district court erred in finding that he had failed to exhaust when, in fact, the grievance process was unavailable to him due to actual and threatened adverse actions by the CDOC. Id. at 3B-3C.

The record on appeal is consistent with the findings of the magistrate judge

6

as adopted by the district court. Documents from the CDOC Step III Grievance Officer that accompany Baldauf's complaint show that he exhausted the grievance process regarding: (1) television repair charges (letters dated March 26, 2002 and April 2, 2002); (2) unspecified expunged records (letter dated April 2, 2002); (3) a confiscated magazine (letter dated May 9, 2002); (4) unspecified antagonism by Sgt. Bennett (letter dated May 24, 2002); (5) prison conditions including treatment while on suicide watch (letter dated May 24, 2002); (6) resolution of a dispute with the mail room over a book received by Baldauf (letter dated June 6, 2002); (7) property inventory dispute over books (letter dated June 6, 2002); (8) mail overcharges (letter dated July 23, 2002); and (9) Rhonda Corretti being "ordered to do her job" (letter dated October 10, 2002). Other letters from the Grievance Officer specifically state that Baldauf has not exhausted his administrative remedies regarding other claims because he failed to comply with CDOC grievance procedures (letters dated July 2, 2001, May 22, 2002, June 27, 2002, January 24, 2003, and an undated letter).

We agree with the magistrate judge that it is difficult to associate these grievances with particular claims in Baldauf's complaint and it is clear that these records do not establish that Baldauf has exhausted administrative remedies as to all claims. However, the magistrate judge and the district court failed to address Baldauf's claim seven in his complaint in which he alleges that prison officials

7

thwarted his access to the grievance procedures. These allegations are sufficiently detailed and serious to warrant our reversal of the dismissal and remand for further consideration.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies <u>as are available</u> are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Other circuits have held that administrative remedies are not "available" when prison officials refuse to provide prisoners with grievance forms. See <u>Miller v. Norris,</u> 247 F.3d 736, 738, 740 (8th Cir .2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)."), <u>cited with approval in</u> <u>Johnson v. Wackenhut Corrections Corp.,</u> No. 04-6245, 2005 WL 1112089, *2 (10th Cir. May 11, 2005); <u>Mitchell v. Horn,</u> 318 F.3d 523, 529 (3d Cir. 2003) (failure to exhaust available remedies is excused if there was a failure to provide grievance forms), <u>cited with approval in</u> <u>Hoover v. West,</u> No. 03-7106, 2004 WL 309338, *3 (10th Cir. Feb. 19, 2004); <u>Gonzales-Liranza v. Naranjo,</u> 2003 WL 22255886, *3 (10th Cir. 2003); <u>Kendall v. Kittles,</u> No. 03 Civ. 628 GEL, 2003 WL 22127135, *5 (S.D.N.Y. 2003) ("Dismissal for failure to exhaust administrative remedies is not appropriate where the plaintiff sufficiently alleges that he attempted to pursue

8

internal remedies and that prison officials ... refused to provide him with the means to file a grievance."); cf. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."). Compare Watley v. Goodman, No. 01-3860, 2002 WL 370015, *1 (6th Cir. Mar. 6, 2002) (dismissal proper because prisoner was refused grievance forms because he did not follow procedure for requesting such forms and did receive forms when he followed proper procedure); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) (dismissal for failure to exhaust was proper because plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form). The reasoning in these cases is persuasive: the plain meaning of "available" indicates that if a prisoner is hindered from utilizing the grievance procedure, then that grievance procedure is not available.

Claim seven of Baldauf's complaint alleges that:

- Several grievances Baldauf filed were routed to Defendant Garoutte rather than the Step III Grievance officer he intended and several prior requests "vanished." ROA, Doc. 3 at 24.
- Baldauf was denied forms and hand-written grievances that he submitted were not processed by Defendants Garoutte and Riddle. Id.
- Baldauf wrote to Defendants Wright, Schuh, and Atherton about the denial of forms but still did not receive any forms. Id.

9

- Baldauf's mother complained to Atherton and called Arellano about the denial of grievance forms, but he still received no forms. Id.
- Defendant Miller refused to supply forms. Id. Miller withheld forms unless Baldauf provided documentation of informal resolution attempts despite the fact that no such requirement existed. Id.
- Defendant Gillespie refused or ignored all claims not on forms, despite being told by Baldauf that forms were unavailable. Id.
- Defendants Wright, Slack, Webb, Breidenbach, Lehman, Linam, Pruett, Leyba, Graham, Reid, McCall, and Ortiz failed to answer Baldauf's kites or letters. Id.
- Defendant Garoutte did not return a Step II response for 45 days despite Baldauf's requests and Gillespie denied the grievance for lack of a Step II response. Id.
- Other forms are freely distributed to prisoners each Sunday, but grievance forms are only available from case managers who "interrogate" prisoners before issuing the grievance forms. Id.

Defendants respond that they dispute these allegations, but argue that even if they are true, they are insufficient to support a constitutional violation. Aplee. Br. at 28-29. We disagree. Baldauf's allegations are sufficient to raise an inference that Baldauf was prevented from utilizing grievance procedures because he was denied grievance forms and handwritten grievances were not processed. Contrary to defendants' assertion, the grievance forms in the record are not inconsistent with Baldauf's claim that he was denied forms after November, 2002. These allegations raise an inference that Baldauf exhausted his "available"

10

remedies. We do not decide, however, that Baldauf has, in fact, exhausted his remedies as is required by § 1997e(a). We reverse the district court's dismissal for failure to exhaust and remand for further proceedings on the question of exhaustion and whether Baldauf was prevented from exhausting his claims.

Because we reverse the district court's dismissal for failure to exhaust, we need not address Baldauf's remaining grounds for appeal regarding his failure to exhaust.

*Motion to Cure Deficiency*

Because we reverse and remand for further consideration of the exhaustion issue, Baldauf's appeal of the denial of the motion to cure deficiency is moot.

*Default Judgment Against Bennet and Garoutte*

Baldauf filed an "Application for Default Judgment" against Defendant Garoutte, ROA, Doc. 90, which the district court denied. Baldauf appeals that denial and adds Defendant Bennett to the request. Baldauf claims both defendants were served, but have failed to respond. The record indicates that neither Bennett nor Garoutte were served because they no longer work for the CDOC. In order to enter a default judgment, a court must have jurisdiction over the parties, which requires that the parties be served with process. 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2682 (1998). Because these individuals have not been served, the district court had no jurisdiction over

11

these parties and was correct in denying default judgment. The denial of the application for default judgment is affirmed.

*Appointment of Interim Class Counsel*

Baldauf moved for appointment of interim class counsel pursuant to Fed. R. Civ. P. 23(g)(2)(A) in order to represent the class of prisoners identified in his complaint. The magistrate judge declined to treat Baldauf's action as a class action and denied Baldauf's request for counsel.

"We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). The plaintiff has the burden to show that appointment of counsel is warranted. Id. We will reverse the magistrate court's ruling "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." Id. Because Baldauf does not challenge the magistrate court's refusal to treat his action as a class action, the request pursuant to Rule 23(g)(2)(A) for interim class counsel seems moot. However, the magistrate judge construed Baldauf's request as a general request for counsel, and we address Baldauf's appeal from that perspective.

In considering whether to appoint counsel, the magistrate court properly considered "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

12

of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quotation marks and citation omitted). Lack of counsel in this case has not resulted in fundamental unfairness, Hill, 393 F.3d at 1115; Baldauf has adequately represented himself in this action and benefits from the liberal construction of pleadings and motions afforded pro se litigants, Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The magistrate court did not abuse its discretion in denying Baldauf's motion for counsel. Therefore, we affirm the denial of the motion for counsel.

*Additional Grounds for Dismissal*

Defendants offer several grounds for dismissal in addition to failure to exhaust; all were raised below but were not addressed by the magistrate or district courts. While we may consider any ground properly raised below as a basis for affirmance of the district court's dismissal, see Whitley v. Albers, 475 U.S. 312, 326 (1986); Hutchinson v. Pfeil, 208 F.3d 1180, 1186 (10th Cir. 2000), we decline to do so here without consideration of defendants' arguments by the district court.

We REVERSE the district court's grant of defendants' motions to dismiss for failure to exhaust and REMAND for further proceedings. We AFFIRM the district court's denial of Baldauf's application for default judgment, the denial of Baldauf's motion for order to cure deficiency, and the denial of Baldauf's motion

13

for appointment of counsel.

Entered for the Court


Mary Beck Briscoe
Circuit Judge