NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0752n.06

No. 08-2470

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 24, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| IRENE ENGLE, | ) |
| | ) |
| Plaintiff-Appellant, | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| v. | ) EASTERN DISTRICT OF MICHIGAN |
| | ) |
| ISMAEL AHMED et al., | ) OPINION |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

**Before: BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Irene Engle's parental rights to her six children were terminated in November 2006 by Michigan's Oakland County Circuit Court after she failed to prevent her then-husband from sexually abusing their female children over a period of many years. (Compl. ¶¶ 5, 18) The Michigan Supreme Court ultimately affirmed the termination.

Engle then filed a lawsuit in the United States District Court for the Eastern District of Michigan against Oakland County, the Oakland County Circuit Court, and Ismael Ahmed in his official capacity as the Director of the Michigan Department of Human Services (the Defendants). (Compl. ¶¶ 7-9) She sought injunctive and declaratory relief holding that (1) the statute under which her rights were terminated is unconstitutional as applied to her by the state court, (2) the orders terminating her parental rights are null and void, and (3) she remains the lawful parent of her six children. (Compl. at 11)

Engle's complaint cited Title 42, Section 1983, of the United States Code, the Americans with Disabilities Act (42 U.S.C. § 12132), and the Rehabilitation Act (29 U.S.C. § 794) as the bases for her suit. (Compl. ¶ 37) Specifically, she argued that Michigan's statute that authorizes the termination of parental rights is unconstitutionally vague, and that the Defendants failed to accommodate her disability during the termination process. (Compl. ¶¶ 27, 32)

All three Defendants subsequently filed motions to dismiss, arguing that Engle's suit is barred by the *Rooker-Feldman* doctrine, which prevents federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The district court granted the motions to dismiss, holding that it did not have subject matter jurisdiction over Engle's lawsuit because she was seeking to remedy "a *past* injury, the source of which is the state court's Opinion and Order." (D. Ct. Op. at 8) (emphasis in original). Engle has timely appealed.

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are satisfied that the district court reached the correct decision in this case. Because the reasoning that supports judgment for the Defendants has been clearly articulated by the district court, the issuance of a detailed written opinion by this court would be unduly duplicative. We would add only that even if *Rooker-Feldman* does not strip us of jurisdiction to hear Engle's challenge to the constitutionality of the Michigan statute, claim preclusion does. Engle could have raised her constitutional claim in her state court proceedings, and the record contains no evidence that she did so. Under the doctrine of claim preclusion, Engle cannot raise now an issue that she previously "had

a full and fair opportunity to litigate" in the state court action. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008) (citation and internal quotation marks omitted). Michigan law recognizes that res judicata or claim preclusion principles bar claims that could have been, but were not, brought in a prior action. *See Hackley v. Hackley*, 395 N.W.2d 906, 907 (Mich. 1986) ("In Michigan, the doctrine of res judicata applies . . . to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.") (citation and internal quotation marks omitted).

The judgment rendered by The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, is therefore **AFFIRMED** on the basis of the reasoning detailed in his Opinion and Order dated September 10, 2008.