NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0369n.06

No. 08-6485

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 02, 2011*

LEONARD GREEN, Clerk

LAMONT C. FITCH,

    Petitioner-Appellant,

v.

ALBERTO GONZALES, Former United States
Attorney General, et al.,

    Respondents-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

BEFORE: BATCHELDER, Chief Judge; ROGERS and SUTTON, Circuit Judges.

ROGERS, Circuit Judge. Lamont C. Fitch, a federal prisoner proceeding pro se, appeals a district court order dismissing his civil rights action pursuant to 28 U.S.C. § 1915(e)(2) for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. Because Fitch has not stated a facially plausible claim, affirmance is required.

In November 2008, Fitch filed a complaint pursuant to 42 U.S.C. § 1983, seeking $ 30 million in damages, along with declaratory and injunctive relief against nineteen named defendants—employees at USP-Big Sandy, employees at USP-McCreary, and several federal officials—in their individual and official capacities. Fitch's complaint stems from an incident that occurred while he resided in Big Sandy. He alleged that, in June 2006, two Big Sandy employees plotted to instigate an altercation between Fitch and other prisoners, which led Fitch into a physical

altercation with one of the employees. Fitch was thereafter indicted on two federal assault counts. The jury returned a not-guilty verdict on one count, but a guilty verdict on the other, for which Fitch received a six-month sentence. We affirmed the sentence on appeal. *United States v. Fitch*, 355 F. App'x 871 (6th Cir. 2009) (per curiam).

The district court dismissed, sua sponte, Fitch's civil rights action, finding that Fitch failed to exhaust his administrative remedies, and alternatively that his complaint failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b). The district court issued orders denying Fitch's motion to recuse and certifying that an appeal would not be taken in good faith.

On appeal, Fitch challenges the district court's finding that he had not exhausted his administrative remedies and that he did not have valid reasons for the delay in filing his grievances. He also claims that the district court erred by dismissing his complaint, ignoring his request to amend his complaint, denying his motion to recuse, and certifying that an appeal would not be taken in good faith.

We review de novo a dismissal for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). The district court should not have dismissed Fitch's complaint sua sponte for failure to exhaust, because exhaustion is an affirmative defense that may serve as a basis for dismissal only if raised and proven by the defendants. *See Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Nevertheless, the district court's error was harmless because Fitch's complaint failed to state a claim. *Cf. City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.

1994) (court of appeals can affirm on any grounds supported by the record, even if different from the grounds relied on by the district court).

A complaint dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim is reviewed de novo. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation and quotation marks omitted).

Fitch's § 1983 claims relate to his prosecution and conviction for assault, as he alleged that the defendants conspired against him to bring charges and thwart his defense, and that they selectively set him up because he is an African-American. These claims are not cognizable in a § 1983 action because his conviction or sentence has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As for Fitch's vague claim that the federal government has sought to violate his human rights for a number of years, it was properly dismissed for failure to state a claim. *See Iqbal*, 129 S. Ct. at 1949.

Fitch's remaining arguments lack merit. Even if the district court erred by ignoring his request to amend his complaint, it would be harmless because his proposed amendments would have failed to save his complaint from dismissal. Further, the district court did not abuse its discretion by denying Fitch's motion to recuse, which was filed after his case had been dismissed. *See Briggs*

*v. City of Cincinnati*, 76 F. App'x 605, 607 (6th Cir. 2003); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Finally, the district court did not err in certifying that Fitch's appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Accordingly, we affirm the district court's judgment.