[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14775
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-20554-JLK

CHRISTOPHER TROY MYLES,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY CORRECTIONAL AND
REHABILITATION DEPARTMENT, et al.,

Defendants,

ANTHONY GREEN, ERIC MCKNIGHT,
ANGEL RIVERA, LUIS G. FIGUEROA,
ALEXANDER PINON, JEPTHA JACKSON

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 19, 2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Christopher Troy Myles sued multiple Miami-Dade County corrections officers under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. According to the amended complaint, these violations occurred during a routine purge of inmate clothing at a Miami-Dade County correctional facility. Myles alleges that Defendant Jeptha Jackson placed him in a choke hold and threw him to the floor when he refused to hand over an article of clothing during the clothing purge. Other officers kicked him, poked his eyes, and stomped on his elbow while he was on the floor. The complaint says that Defendants Anthony Green and Alexander Pinon witnessed the incident but did not intervene. Myles claims that this use of force and failure to intervene violates the Eighth and Fourteenth Amendments.

Officers Jackson, Pinon, and Green filed motions for summary judgment.[1] In their motions, all three officers argued that summary judgment should be entered because they had qualified immunity from suit and Myles failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Officers Jackson and Pinon also asserted that the statute of limitations barred Myles's claims.

---

[1] Three other Defendants named in the amended complaint, Eric McKnight, Angel Rivera, and Luis Figueroa, were never served and never appeared. The district court's judgment may therefore be considered a final appealable order. *Insinga v. LaBella*, 817 F.2d 1469, 1470 (11th Cir. 1987).

2

A magistrate judge considered these motions and recommended that the motions for summary judgment be granted as to each of the Defendants. The magistrate's report stated that the statute of limitations had expired as to the claims against Officers Jackson and Pinon. It also concluded that Myles failed to exhaust his administrative remedies as required by the PLRA. In the alternative, the magistrate decided that Myles had not shown that his constitutional rights were violated by any of the Defendants. Myles filed objections to the magistrate's report, but the district court affirmed and adopted the report and granted the Defendants' motions for summary judgment.[2] Myles appeals, challenging the entry of summary judgment on his claims.

He raises three issues: (1) whether he exhausted his administrative remedies; (2) whether the statute of limitations bars his claims; and (3) whether a genuine issue of material fact exists regarding his excessive force and failure-to-intervene claims.

We have called the question of exhaustion under the PLRA a "threshold matter" that we address before considering the merits of the case. *Chandler v. Crosby*, 379

---

[2] We believe the district court made a clerical error in its order affirming and adopting the magistrate's report. The magistrate's report recommended granting the motions for summary judgment at Dkt. 114 and Dkt. 116. While the district court's order affirmed and adopted this report and recommendation, its order continued by only granting the motion for summary judgment at Dkt. 116. Because the district court affirmed and adopted the magistrate's report, which recommended granting both of the motions for summary judgment, we construe the court's order as granting both of the summary judgment motions pending before it.

F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, we have no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). So, we resolve this issue first.

The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to a prisoner's excessive force claim. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). And, "[t]his court reviews *de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing *Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000)).

This court has said that the exhaustion defense "is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)). When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the

4

plaintiff's version of the facts as true. "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d 1373-74, 1376).

Here, the district court considered whether Myles properly exhausted his administrative remedies using the summary judgment procedural framework. Disregarding our precedent in *Bryant* and *Turner*, it neither treated Myles's allegations as true, nor did it make specific factual findings on disputed facts. Therefore, we vacate the district court's entry of summary judgment to the Defendants and remand the case to allow the district court to engage in the analysis required by *Bryant* and *Turner* in the first instance. Because the court's resolution of the exhaustion issue on remand may be dispositive of Myles's case, we need not resolve the other issues he presents on appeal.

VACATED AND REMANDED.