Calvin **KINGCADE**, Plaintiff,

v.

Robert **PARKER**, et al., Defendants.

Case No. 12–23426–CIV.

United States District Court, S.D. Florida, Miami Division.

June 13, 2013.

Calvin Ernest Kingcade, Sneads, FL, pro se.

Ezra Saul Greenberg, Miami, FL, for Defendants.

## ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 38], entered May 17, 2013. On September 19, 2012, Plaintiff, Calvin Kingcade ("Kingcade"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. section 1983 ("Complaint") [ECF No. 1] alleging claims of retaliation, endangerment, and lack of adequate medical treatment. This case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003–19. (*See* [ECF No. 3] ). Kingcade thereafter filed an Amended Complaint ("Amended Complaint") [ECF No. 26] on February 19, 2013, alleging an Eighth Amendment violation against an additional Defendant, "Nurse M. Mimoso" ("Mimoso"). On February 20, 2013, Defendants, Victor Headley ("Headley") and Gwen Jackson ("Jackson") (collectively, "Defendants"), filed their Motion to Dismiss for Lack of Jurisdiction ("Defendants' Motion") [ECF No. 27].

On April 11, 2013, Kingcade filed a Motion for Leave to File Second Amended Complaint ("Motion to Amend") [ECF No. 35], and a "Motion for Redirect to Defendant's Response to Defendant's Motion to Dismiss" ("Motion to File Sur–Reply") [ECF No. 36].[1] In his Report, Judge White recommends the Court grant the Defendants' Motion for failure to exhaust administrative remedies, deny Kingcade's Motion to Amend, deny the Motion to File Sur–Reply, and close the case. The Court has carefully considered the Report, the parties' written submissions, the record, and applicable law.

---

1. Although styled as a "Motion for Redirect," this filing is in fact a Sur–Reply to Defendants' Reply [ECF No. 34]. As such, the Court construes it as a motion for leave to file a sur-reply.

As an initial matter, the Report advised Kingcade that he had fourteen days from receipt of a copy of the Report to object to it. To date, no objections have been filed. When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED.R.CIV.P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R.CIV.P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982)).

The Amended Complaint alleges Defendants: (1) caused Kingcade to be brutally beaten on two separate occasions by informing other, anonymous inmates he was a confidential informant; and (2) denied Kingcade medical treatment during his confinement, resulting in injury. (*See* Am. Compl. 3–4). Defendants assert that Kingcade did not properly exhaust his administrative remedies prior to seeking judicial relief, and thus the Amended Complaint should be dismissed. (*See* Defs.' Mot. 2).

Judge White recommends the Defendants' Motion be granted. (*See* Report 8).

As noted in the Report, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) inmates are required to exhaust their administrative remedies prior to filing a civil lawsuit. (*See id.* 3 (citing *Bryant v. Rich*, 530 F.3d 1368, 1372 (11th Cir.2008))). While Kingcade admits he did not follow the proper prisoner grievance procedures (*see id.* 4 (citing Am. Compl. 2)), Kingcade argues he was denied the necessary grievance forms required to pursue his administrative remedies (*see id.*). However, Kingcade has failed to submit any proof of his assertions. (*See id.* 8). Moreover, the affidavits of three veteran corrections officers directly contradict Kingcade's claims. (*See id.* 6–7). As a result, Judge White concludes the Defendants' Motion should be granted as Kingcade has failed to exhaust his administrative remedies. (*See id.* 8). Furthermore, Judge White recommends denying the Motion to Amend as Kingcade simply rehashes the arguments he raised in his Response. (*See id.* 7). Similarly, Judge White recommends denying the Motion to File Sur–Reply, as it also raises the same inadequate arguments, which fail to establish administrative remedies were unavailable to Kingcade. (*See id.*).

The Court agrees with the analysis and recommendations regarding the three pending motions stated in Judge White's Report. In particular, Kingcade's unsupported claim that he attempted to expend his administrative remedies but was denied access to the proper grievance forms by the jail staff is insufficient to defeat Defendants' defense of exhaustion when weighed against the evidence presented by the Defendants. *See Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir.2002) (an inmate's "merely subjective beliefs, logical or otherwise," are not considered in determining whether administrative procedures were available to him); *see also Bryant*, 530 F.3d at 1376 (concluding a judge may

resolve factual disputes when ruling on a motion to dismiss for failure to exhaust administrative remedies).

Although Judge White recommends this case be closed, the docket reflects Mimoso has not been served the Amended Complaint and, consequently, does not join in Defendants' Motion. As Kingcade has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) are applicable to the Amended Complaint. Pursuant to the statute, courts are permitted to dismiss a suit "any time [ ] the court determines that … (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

█ Kingcade alleges Mimoso denied him medical treatment in violation of his Eighth Amendment rights when she refused to take his blood pressure after Kingcade complained he was feeling light headed. (*See* Am. Compl. ¶¶ 18–21). But similarly to his allegations against Headley and Jackson, Kingcade does not adequately allege he exhausted his administrative remedies with regard to his claim against Mimoso. While failure to exhaust is an affirmative defense and inmates are not required to specifically allege or demonstrate exhaustion in a complaint, *see Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), "courts may consider certain affirmative defenses *sua sponte* in the context of a Section 1915 frivolousness analysis," including the exhaustion of administrative remedies. *Penn v. Kastner*, No. 5:05cv202, 2007 WL 1051773, at *1 n. 1 (E.D.Tex. Apr. 4, 2007) (dismissing a claim upon an initial review when the plaintiff admitted he did not exhaust his administrative remedies). As a result, the Court *sua sponte* considers Mimoso's exhaustion defense. As discussed, the Court finds Kingcade has failed to demonstrate he exhausted his administrative remedies; thus, the claim against Mimoso is frivolous as it suffers from the same jurisdictional defect as do his claims against Defendants Headley and Jackson.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 38] is **AFFIRMED AND ADOPTED** as follows:

1. Defendants Headley and Jackson's Motion to Dismiss for Failure to Exhaust Administrative Remedies [ECF No. 27] is **GRANTED**. Kingcade's claim against M. Mimoso is also **DISMISSED**. The Amended Complaint [ECF No. 26] is **DISMISSED**.

2. Kingcade's Motion for Leave to File Second Amended Complaint [ECF No. 35] is **DENIED**.

3. Kingcade's Motion for Redirect to Defendants' Response to Defendants' Motion to Dismiss [ECF No. 36] is **DENIED**.

4. The Clerk of Courts is directed to **CLOSE** this case, and any pending motions are **DENIED** as moot.

## REPORT OF MAGISTRATE JUDGE

PATRICK A. WHITE, United States Magistrate Judge.

### I. *Introduction*

This Cause is before the Court upon the Defendants' Motion to Dismiss for Lack of Jurisdiction (DE# 27), Plaintiff's Declaration in opposition (DE# 28), Defendants' reply to response to motion to Dismiss (DE# 34), Plaintiff's Motion for Leave to file a Second Amended Complaint

(DE# 35), Defendants' response in opposition (DE# 37), and Plaintiff's Motion to Redirect Reply to Response (DE# 36).

## II. *Law for Review*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. *See Fed. R.Civ.P.* 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); *Watts v. FIU,* 495 F.3d 1289 (11th Cir.2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964–65. The rules of pleading do "not require heightened fact pleading of specifics. . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Twombly,* 127 S.Ct. at 1964).

### *Review of Exhaustion*

Ordinarily, in a *pro-se* civil rights action, where defendants file a Rule 12(b)(6) motion to dismiss with supporting exhibits and affidavits, the motion would be converted to a motion for summary judgement and a Rule 56 Order would be sent, notifying the plaintiff of the proper response to such a motion. However, in this case the Courts have determined that the determination of whether exhaustion has been accomplished should be treated as a motion to dismiss. *See: Myles v. Miami–Dade County Correctional and Rehabilitation Dept., et al.,* 476 Fed.Appx. 364, 365–66 (11th Cir.2012) (question of exhaustion under the PLRA raised as a defense is a threshold matter which the court must address before the merits of the case, and the use of the summary judgement procedural framework is inappropriate for consideration of whether the inmate/plaintiff's administrative remedies were properly exhausted); *Bryant v. Rich,* 530 F.3d 1368, 1375 (11th Cir.2008) (exhaustion defense is not ordinarily the proper subject for a summary judgement, instead should be raised in a motion to dismiss).

### *Analysis*

The gravamen of the complaint is that Miami–Dade corrections officers allegedly instigated two separate attacks upon the plaintiff while he was confined in the pretrial detention center, by telling his fellow inmates he was a confidential informant.

### *Defendants' Motion to Dismiss (DE# 27)*

On February 20, 2013, Defendants Jackson and Headley filed a Motion to Dismiss the operative amended complaint, contending that the plaintiff has failed to exhaust his administrative remedies prior to filing his civil rights complaint. This is a threshold matter and the Court must address this issue before considering the merits of the case. *Myles, supra.*

Under the PLRA, 42 U.S.C. § 1997e(a) requires that inmates exhaust their administrative remedies prior to filing the lawsuit. *Bryant v. Rich,* 530 F.3d 1368, 1372 (11th Cir.2008). The Supreme Court has held that failure to exhaust is an affirma-

tive defense and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). This issue is properly raised in a motion to dismiss. The Court must determine whether the plaintiff's version is true and whether the defendant is entitled to dismissal for failure to exhaust. After considering the evidence presented, the District Court must make specific factual findings to determine whether the plaintiff has exhausted his available administrative remedies. *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008).

The defendants contend that the plaintiff's complaint is subject to dismissal for failure to exhaust. They argue as follows: 1) within the complaint itself, the plaintiff states he has failed to exhaust his administrative remedies (Am. Compl. p. 2), and 2)the Department of Corrections independent search of the Pre-trial Detention Center's Grievance records has confirmed that the plaintiff did not exhaust his administrative remedies with regard to the incidents alleged.

The defendants include exhibits with their motion to dismiss, including a copy of the Miami Dade County Corrections and Rehabilitation Department Inmate Handbook. The grievance procedures for Miami Dade County Corrections requires the inmate to request an inmate grievance form within ten days of the relevant incident and return the grievance form within two workdays to a Correctional Counselor.

Inmates may initiate an informal resolution with a Correctional Counselor within 5 days of the incident, but must request a formal grievance form within ten days of the incident. Inmates who do not meet these deadlines are permitted to file an untimely grievance if they can show good cause for the delay. Good Cause must be extended if agreed upon by the inmate and the Facility Supervisor/ Bureau Commander or designee in writing.

 The plaintiff alleges he was attacked by five inmates at the Pretrial Detention Center on August 24, 2009. He was then transferred to Turner Gilford Knight and Metro West Detention facilities and transferred back to the Pre-trial Detention Center on September 23, 2009. During that time he retained the right to access the grievance procedures, but failed to do us. The transfer of a prisoner from one facility to another *within the same correctional facility* does not render the facility "unavailable" for purposes of exhaustion and cannot absolve the plaintiff from his failure to exhaust. *Napier v. Laurel C'nty Ky.,* 636 F.3d 218, 223 (6th Cir.2011).

The plaintiff was again attacked on September 23, 2009, upon his return to the Pretrial Trial Detention Center (PTDC). He was transferred to Jackson Memorial Hospital and then back to PTDC on October 3, 2009. He could have filed a grievance during that time, but did not. The plaintiff was in custody of the Miami Dade Corrections and Rehabilitation Department from the time of the first incident August 2009 until November 2009, and did not institute a proper grievance during this time.

The plaintiff states that he could not exhaust his remedies, because he is now in prison and the state prison system does not accept grievances for incidents that occurred in County lockup. However he was incarcerated at the same facility from October 3, 2009 to November 7, 2009 and did not initiate a proper grievance. Nor did plaintiff attempt to seek an extension and file an out of time grievance for good cause, which plaintiff could have done when he returned from the hospital. Plaintiff was not transferred out of the county system until December 21, 2009,

and had time prior to that date for filing a proper grievance.

Defendants include the declaration of Reynaldo Romero, an Administrative Officer at the PTDC (Exhibit 2), revealing that the plaintiff filed a single grievance on August 12, 2009, two weeks before the first assault, involving his prison account balance. No other grievances were filed during the relevant time period. Clearly the officials did not deny him a grievance form at that time.

*Plaintiff's Declaration in Opposition* (DE# 28)

The plaintiff filed a Declaration in Opposition to the motion to dismiss. He essentially claims that officers arbitrarily denied him access to the grievance procedures. He further contends that he attempted to file his complaint with the administration through his wife, who made a complaint. The complaint was investigated by internal affairs (DE# 28 Exh. E). He further includes a Corrections Health Service Memorandum indicating Kingcade informed an officer he fell down and injured his chin on November 7, 2009.

*Defendants' Reply* (DE# 34)

The defendants reply that 1) an internal affairs complaint is insufficient to exhaust administrative remedies and 2) the plaintiff did not request grievance forms from the officers he claims denied him the forms.

The defendants contend that the plaintiff's internal affairs complaint is not a sufficient attempt at exhaustion under the rules required, citing to *Johnson v. Meadows*, 418 F.3d 1152 (11th Cir.2005).

Secondly, the defendants contend the Internal Affairs Memo with the appendix of Jose Toca, an officer at the Detention Center, reveals the plaintiff's complaint to internal affairs was against other inmates, and when informed that internal affairs investigates only department employees,

he claimed that two unnamed officers refused to take him to the clinic. The complaint was closed when he refused to disclose the identity of an officer who was bringing him "stuff". Therefore, even if the IA complaint were to be considered an initial attempt at exhaustion, clearly the unwillingness to cooperate in the investigation and the closing of the case demonstrate this was not a proper method of exhaustion.

Lastly, defendants include affidavits from Officers Toca, Blue and Marsh, which are in direct contradiction to plaintiff's statements that he asked these officers for grievance forms and it was denied (DE# 34 (Exhibits 1–3). Officer Jose Toca has been with the Miami Dade Corrections and Rehabilitations Department for over twenty six years and states under penalty of perjury that the plaintiff never requested a grievance form from him, nor asked him for any assistance in the process. Lashundra Blue, previously a guard at the pre-trial detention center, states that the plaintiff asked her for help, stating he had been assaulted by other inmates. He did not mention any allegations against guards, and did not ask for any grievance forms. Antwan Marsh states he was on duty in the medical area and that if the plaintiff had asked for grievance forms he would have given them to him in the course of every day business practice.

*Plaintiff's Motion to Respond* (DE# 36)

The plaintiff filed a motion for leave to file a second amended complaint on April 11, 2013 (DE# 35) and a motion to reply to defendants' reply also on April 11, 2013 (De# 36). The plaintiff repeats his assertion that he informed the administration of the defendants ill will towards him via his wife. He claims this was his only recourse.

[redacted] 

*Conclusion*

[redacted] In this case, the plaintiff alleges he was denied grievance forms, and therefore could not exhaust his administrative remedies. On a motion to dismiss for lack of exhaustion, the Court can look beyond the pleadings to decide disputed issues of fact. *Levan v. Thomas,* 2011 WL 2669288 (D.Ariz.2011).

While it is a basic premise that inmates cannot be held to the exhaustion requirements if the remedies for grievances are not "available", such as when prison officials prevent them from exhausting. *Lyon v. Vande Krol,* 305 F.3d 806, 808 (8th Cir.2002), the plaintiff must have some supporting proof of his assertions.

It is clear that the defendants have successfully demonstrated that the plaintiff failed to exhaust his administrative remedies. Plaintiff's mere assertions that he was prevented from filing grievances are insufficient to overcome evidence of lack of exhaustion. *Id.* More specifically, bald assertions that attempts at exhaustion were thwarted by jail staff are insufficient. *Wilson v. Napoleon,* 2012 WL 4838980 (E.D.Mich.2012); *Jones v. Smith,* 266 F.3d 399 (6th Cir.2001) (inmate can not avoid dismissal for lack of mandatory exhaustion by asserting he was denied grievance forms. Inmate can attempt to file grievances without proper form).

III. *Recommendation*

Based upon the above, it is recommended as follows:

1. The defendants' Motion to Dismiss for failure to exhaust administrative remedies (DE# 27) should be granted.
2. The motion for leave to file a second amended complaint should be denied. (DE# 35)
3. The plaintiff's motion to redirect to defendants response to defendants motion to dismiss (DE# 36) be denied.
4. This case should be closed.

Objections to this Report and Recommendation may be filed with the United States District Judge within fourteen days.

Dated at Miami, Florida this 17th day of May, 2013.