[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12266
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-20554-JLK

CHRISTOPHER TROY MYLES,

Plaintiff-Appellant,

versus

OFFICER ANTHONY GREEN,
ERIC MCKNIGHT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 28, 2014)

Before MARTIN, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Christopher Troy Myles appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against Defendants Anthony Green, Jeptha Jackson, and Alexander Piñon,[1] alleging violations of the Eighth and Fourteenth Amendments. The district court determined that Myles failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).  No reversible error has been shown; we affirm.

In his amended complaint, Myles alleged that, while he was confined at a Miami-Dade County correctional facility, correctional officers beat him for refusing to surrender a piece of clothing during a routine clothing purge.  Myles asserted claims against Defendants for excessive force and for failure to intervene. The district court granted Defendants' motions for summary judgment, concluding (among other things) that Myles failed to exhaust his administrative remedies.

In Myles's first appeal, this Court determined that the district court analyzed the exhaustion issue under an incorrect standard.  We vacated the district court's

---

[1] Myles also named Officers Angel Rivera, Luis Figueroa, and Eric McKnight as defendants. Because Myles does not challenge the dismissal of these three defendants on appeal, he has abandoned his claims against them.  See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

2

order and remanded for the district court to reconsider the exhaustion issue using the analytical framework established in Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008), and Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). See Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't, 476 Fed. App'x 364 (11th Cir. 2012) (unpublished). On remand, the district court dismissed Myles's complaint, determining that Myles failed to exhaust his administrative remedies.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), inmates are required to exhaust all available administrative remedies before filing a section 1983 action alleging excessive force. Bryant, 530 F.3d at 1372 (citing 42 U.S.C. § 1997e(a)). This requirement is one that we cannot waive. Id. at 1373.

Deciding a motion to dismiss[2] for failure to exhaust administrative remedies is a two-step inquiry. See Turner, 541 F.3d at 1082. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. If, under the plaintiff's version of the facts, the defendant is entitled to have the complaint dismissed, the complaint must be dismissed. Id. If not, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. In the light of the record, the court then decides, based

---

[2] Although Defendants raised their failure-to-exhaust defense in motions for summary judgment, we treat the issue as if it were raised in a motion to dismiss. See Bryant, 530 F.3d at 1374-75.

on its factual findings, whether the inmate has exhausted his administrative remedies. Id. at 1083. Defendants bear the burden of proof. Id. at 1082.

We review de novo a district court's interpretation and application of the PLRA's exhaustion requirement. Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000). And we review the district court's factual determinations for clear error. Bryant, 530 F.3d at 1377.

That Myles never filed a grievance about the alleged beating pursuant to the prison's Inmate Grievance Procedure is undisputed. Myles argues, instead, that no grievance procedure was "available" for him to exhaust because prison staff members refused to provide him with the necessary grievance forms.

According to Myles, he was placed on administrative confinement immediately following the beating. Although Myles made repeated requests for a grievance form to complain about the beating, various unnamed prison staff members denied his requests and told Myles incorrectly that he was not allowed to file a grievance while on administrative confinement. Myles contends that, because the time for filing a grievance expired while he was on administrative confinement, no grievance process was available to him.

Accepting Myles's allegations as true, the district court concluded that Defendants had not yet shown that Myles's complaint was subject to dismissal. Following our guidance in Bryant and Turner, the district court looked at the

4

record and then made specific findings about whether Myles was in fact prevented from using the inmate grievance process and determined that he was not.  We are not "left with the definite and firm conviction that a mistake has been committed" and, thus, see no clear error.  See Bryant, 530 F.3d at 1377.

The Metro Dade Department of Corrections has established a multi-step grievance procedure -- applicable to all inmates, regardless of their status -- that allows inmates to complain about the conditions of confinement.  That Myles received a copy of the Inmate Grievance Procedure and was familiar with the grievance procedure before the beating occurred is undisputed.[3]  The record also evidences that Myles filed successfully an unrelated grievance only a couple of weeks after the alleged beating incident.

Myles contends that, although he was able to file grievances after being released from administrative confinement, a grievance filed about the beating would have been denied as untimely because the time limit had already expired.[4]  But "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile."  Higginbottom, 223 F.3d at 1261.  The Inmate Grievance Procedure provides expressly that "[o]n a case by

---

[3] The record demonstrates that Myles filed successfully over 250 grievances between 2003 and 2008, both before and after the complained-of beating.

[4] Myles does not contend either that he requested grievance forms to complain about the beating after he was released from administrative custody or that such requests were denied.

5

case basis, the time limit at each level of the grievance procedure may be extended and the inmate informed." Nothing evidences that Myles attempted to file an out-of-time grievance or that he sought an extension of the time limit as provided for by the Inmate Grievance Procedure. Thus, Myles failed to exhaust his available administrative remedies and dismissal was proper. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999).

AFFIRMED.[5]

---

[5] Because Myles's complaint was dismissed properly for failure to exhaust his available administrative remedies, we need not consider Myles's other arguments on appeal.